IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLE KOLCZ, CYNTRELLE FANIEL, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Defendant. | CASE NO. 20-cv-1557 |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Nichole Kolcz ("Kolcz") and Cyntrelle Faniel ("Faniel"), on behalf of themselves and other persons similarly situated, through their attorneys, Hughes Socol Piers Resnick & Dym, Ltd., complain against Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon"), as follows:

**NATURE OF THE ACTION**

1. This is an action for unpaid wages brought against Defendant for state and federal wage and hour violations stemming from Defendant's miscalculation of Plaintiffs' regular rate when determining overtime pay. Plaintiffs bring this action against Defendant to recover unpaid wages, interest, statutory penalties, and attorneys' fees and costs owed to them and other similarly situated current and former employees. Plaintiffs also bring this action to obtain declaratory and injunctive relief as well as all other relief that the Court deems appropriate.

## JURISDICTION

2. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

3. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district and because the Defendant resides in this judicial district. *See* 28 U.S.C. § 1391(b).

## PARTIES

4. Nichole Kolcz worked for Verizon from before 2017 until 2019. Her job duties involved responding to telephone calls and online chat inquiries regarding technical support, billing, or other customer service issues.

5. Cyntrelle Faniel worked for Verizon from January 2017 until 2020. Her job duties involved responding to telephone calls regarding technical support, billing, or other customer service issues.

6. Verizon is a telecommunications company organized as a Delaware partnership and headquartered in New Jersey.

7. During relevant times, Verizon employed Kolcz and Faniel for purposes of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203 and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/3(d).

**Enterprise Status**

8. From March 3, 2017 to the present, Defendant constituted an "enterprise engaged in commerce" as that term is defined in the FLSA because it performed related activities (either through unified operation or common control) for a common business purpose.

9. During relevant times, Defendant engaged in over $500,000 in annual sales or business.

10. During relevant times, Defendant's employees handled or sold goods or materials that moved in interstate commerce.

**Unpaid Overtime**

11. From March 3, 2017 until the present, Defendant failed to pay Plaintiffs and other workers appropriate overtime premium pay as required by the FLSA and IMWL.

12. Defendant's FLSA and IMWL violations stemmed from a miscalculation of Plaintiffs' regular rate of pay.

13. Defendant paid Plaintiffs and other workers a premium rate, equal to 35% of their base pay rate, for work performed on Sundays (a "Sunday Work Premium").

14. In addition, Defendant paid Plaintiffs and other workers incentive awards, identified on their paychecks as "Taxable Awards," for working a certain number of hours or meeting other performance goals.

15. Defendant also paid Plaintiffs and other workers proceeds from Restricted Stock Unit ("RSU") awards. Defendant granted Plaintiffs and other workers the RSU award on February 1, 2018. On January 31, 2019, fifty percent of the award vested, thereby resulting in a cash payment. The remainder of the award vested on January 31, 2020. Plaintiffs and other workers received RSU payments only if they met the vesting requirements—that is, if they did

not resign (before retirement eligibility) or were not terminated for cause prior to the applicable vesting dates. Plaintiffs and other workers retained no voluntary right to exercise any right or option regarding the RSU awards. A description of the RSU awards program is attached as Exhibit A.

16. When calculating Plaintiffs' and other workers' regular rate of pay, Defendant failed to include all of the money paid to workers for Sunday Work Premiums, Taxable Awards, and RSU awards that formed part of Plaintiffs' compensation. *See* 29 C.F.R. § 778.117.

17. Consequently, when Plaintiffs and other hourly employees worked more than forty hours in a workweek, Defendant paid them substantially less than one-and-a-half times Plaintiffs' regular hourly rate for hours worked in excess of forty in a workweek.

18. Sample payroll records revealing the overtime violations are attached as Exhibit B.

19. Plaintiffs' FLSA opt-in forms are attached as Exhibit C, in accordance with 29 U.S.C. 216(b).

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

18. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA overtime requirement, as an opt-in representative of a collective action on behalf of themselves and an **"FLSA Overtime Class,"** consisting of all individuals who worked for Verizon as an hourly employee in Illinois between March 3, 2017 and March 3, 2020, who worked a total of more than forty hours in a workweek, and whose Sunday Work Premiums, taxable awards, or RSU payments were not included in their regular rate of pay.

19. Plaintiffs bring the claims in Count II, alleging violations of the IMWL, on behalf of themselves and an **"IMWL Overtime Class,"** consisting of all individuals who worked for

Verizon as an hourly employee in Illinois between March 3, 2017 and March 3, 2020, who worked a total of more than forty hours in a workweek, and whose Sunday Work Premiums, taxable awards, or RSU payments were not included in their regular rate of pay.

20. There are legal and factual questions that are common to Plaintiffs' and IMWL Overtime Class Members' claims under the IMWL that predominate over any question(s) solely affecting individual members of the class. One such question is whether Verizon engaged in a pattern, practice, or policy of forcing, suffering, or permitting employees to work in excess of forty hours in a work week and failing to compensate them at one-and-a-half times their regular rate of pay for overtime hours.

21. The Classes for whose benefit this action is brought are each so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. Defendant miscalculated the regular rate of pay for hundreds of its employees during the relevant class period.

22. Plaintiffs will fairly and adequately protect the interests of the Classes that they seek to represent. Plaintiffs' claims are typical of the claims of other Class Members because Plaintiffs were hourly employees of Verizon who, like the other members of the Classes, sustained damage arising out of the Defendant's failure to pay overtime premium pay.

25. Plaintiffs have retained counsel competent and experienced in complex and class action litigation, including wage and hour litigation.

26. A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

27. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

## COUNT I
## FLSA Overtime Class

28. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

29. Verizon willfully refused to pay overtime premiums required by FLSA, 29 U.S.C. § 207(a), which requires an employer to pay its hourly, non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

30. Verizon's FLSA violations were clear and obvious. The miscalculation of Plaintiffs' regular rate can be determined simply by examining the Plaintiffs' paychecks.

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against Verizon and issue an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Verizon's conduct violated the FLSA;

d. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

    f.        Awarding such other and further relief as this Court deems appropriate and just.

**COUNT II**
**IMWL Overtime Class**

31.       Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

32.       This count is brought against Verizon on behalf of:

all individuals who worked for Verizon as an hourly employee between March 3, 2017 and March 3, 2020, who worked a total of more than forty hours in a workweek, and whose Sunday Work Premiums, Taxable Awards, or RSU payments were not included in their regular rate of pay.

33.       Verizon refused to pay overtime premiums as required by the IMWL, 820 ILCS 105/4, which requires an employer to pay its hourly, non-exempt employees at a rate of not less than one-and-a-half times the regular rate of pay for all hours worked in excess of forty in any workweek.

**PRAYER FOR RELIEF**

Plaintiffs ask the court to enter judgment against Verizon and issue an order:

    a.        Certifying a class as defined in this count;

    b.        Appointing Plaintiffs Kolcz and Faniel as representatives of the class;

    c.        Appointing the undersigned counsel as class counsel;

    d.        Declaring that the actions complained of herein violate 820 ILCS 105/4;

    e.        Awarding unpaid wages due as provided by the IMWL;

    f.        Awarding prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

    g.       Awarding penalties in the amount of 5% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

    h.       Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

    i.      Providing injunctive relief requiring Verizon to pay all statutorily-required wages and penalties and barring future violations; and

    j.      Awarding such other relief as this Court deems just and proper.

### **Jury Demand**

Plaintiffs demand a jury trial on all claims for which a jury trial is available.

March 3, 2020                                                     Respectfully submitted,

                                                                           /s/ Christopher J. Wilmes
                                                                      One of the Attorneys for Plaintiffs

Christopher J. Wilmes
Justin Tresnowski
**Hughes Socol Piers Resnick & Dym, Ltd.**
70 W. Madison St., Suite 4000
Chicago, IL 60602
(312) 580-0100