IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLE KOLCZ, CYNTRELLE FANIEL, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Defendant. | CASE NO. 20-cv-1557 |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Nichole Kolcz and Cyntrelle Faniel and Defendant Cellco Partnership d/b/a Verizon Wireless have reached a proposed Settlement Agreement resolving all claims in this lawsuit. The Plaintiffs have filed a motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Plaintiffs' motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. Pursuant to the Court's February 26, 2021 Order, the Court defines the Settlement Class as follows:

> All individuals who worked for Verizon as a non-exempt employee in Illinois who worked a total of more than forty hours in a workweek at any time between March 3, 2017 and May 30, 2020, and whose Sunday Work Premiums, taxable awards, or RSU payments were not included in their regular rate of pay in such a week (collectively, the "Class," and each member thereof, "Class Member"). The Class shall include the Class Representatives and all Opt-in Plaintiffs.

2. The Court finds that the Settlement Administrator has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the Class Notice. The Court finds that the direct-mail notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

3. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter. The Court overrules the objection filed by class member Charlotte Smith.

4. The Court directs payment to Class Counsel a total sum of $45,000.00, which amounts to 26% of the common fund created by the Settlement Agreement. The Court finds that this award of attorneys' fees, costs, and expenses is less than or equal to the market rate of Plaintiffs' attorneys' services had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur no later than forty days after the entry of this order.

5. The Court directs payments in the amount of $2,000 to each of the Named Plaintiffs as an incentive award. The Court finds that this award is reasonable to compensate the Named Plaintiffs for the assistance they provided to Class Counsel in this litigation. These payments shall occur at the same time that the Named Plaintiffs receive any settlement awards to which they are entitled.

6. The Court directs Simpluris to pay itself $20,000 out of the QSF for the reasonable cost of the work that it has performed and will perform as Settlement Administrator.

7. The Court directs Defendant to deposit a total of $195,000, plus the employer share of taxes calculated by Simpluris, in the Qualified Settlement Fund no later than twenty days after the entry of this Order.

8.      The Court directs Simpluris to issue settlement checks to all Class Members who did not timely opt out of the Settlement, as contemplated by the Settlement Agreement. Simpluris shall mail these checks to Class Members no later than forty days after the entry of this Order.

9.      The Court hereby dismisses this case with prejudice against all Defendants. All Class Members herein release and forever discharge Defendant and the other Released Parties from claims outlined and described in Section IV.4.A of the Settlement Agreement.

ENTERED:

                                                       /s/ Martha M. Pacold
                                                     United States District Court

Dated:  June 10, 2021